UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PORTIA WALKER, | } |
| Plaintiff, | } |
| v. | } Case No.: 2:13-CV-01181-RDP |
| UNIVERSITY OF ALABAMA HEALTH SERVICES FOUNDATION, P.C., | } |
| Defendant. | } |

## MEMORANDUM OPINION

This case is before the court on Defendant's Motion to Dismiss (Doc. #11), filed on October 1, 2013. The Motion (Doc. #11) is due to be granted.

This case arises from the September 7, 2012 termination of Plaintiff Portia Walker ("Plaintiff") from her employment with Defendant University of Alabama Health Services Foundation, P.C. ("Defendant"). (Doc. #5 at ¶¶ 8-18). Plaintiff alleges that Defendant "discriminated against her because of her race, African American, and terminated her employment in retaliation for her opposing and reporting racial discrimination . . ." (Doc. #5 at ¶ 1). Plaintiff's Amended Complaint sets forth a variety of civil rights claims, including racial discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count I), racial discrimination in violation of 42 U.S.C. §§ 1981 & 1983 (Count II), and retaliatory discharge in violation of Title VII and Sections 1981 and 1983 (Count Three). (Doc. #5 at 4-6).

Plaintiff initiated this suit by filing an Application Under Section 706(f) of the Civil Rights Act of 1964 (Doc. #1) on June 25, 2013. Thereafter, Plaintiff filed an Amended Complaint (Doc. #5), and Defendant filed a Motion to Dismiss (Doc. #11) and Answer (Doc.

#12) on October 1, 2013.  Defendant's Motion to Dismiss (Doc. #11) seeks dismissal of Plaintiff's Section 1983 claims, asserting that Plaintiff "failed to allege *any facts* demonstrating that [Defendant] acted under color of state law," an essential ingredient of any Section 1983 claim. (Doc. #11 at ¶ 1) (emphasis in the original).  Indeed, invoking Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant argues that Plaintiff has failed to state a claim for violation of Section 1983, thereby necessitating dismissal of such claims. (Doc. #11 at ¶ 2).

Plaintiff failed to respond in any manner to Defendant's Motion to Dismiss (Doc. #11). As a result, the court issued an Order (Doc. #17) on December 6, 2013, requesting a response from Plaintiff and warning her that failure to respond could result in the dismissal of her claims for failure to prosecute.  Nothing has been heard from Plaintiff since.

The court construes Plaintiff's failure to respond to the Motion to Dismiss (Doc. #11) as a failure to prosecute her Section 1983 claims against Defendant.  Consequently, the Motion is due to be granted and Defendant is entitled, at a minimum, to have Plaintiff's Section 1983 claims dismissed without prejudice for this reason alone.[1]  However, the court need not further analyze whether the circumstances are present which warrant a dismissal with prejudice as a sanction,[2] because Defendant is also entitled to have its Motion granted on substantive grounds.

To state a claim under Section 1983, a plaintiff must allege: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights secured by the Constitution or laws of the United States."

---

[1] The court is indeed mindful that the Federal Rules of Civil Procedure "expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule." *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982); Fed.R.Civ.P. 41(b)-(c).  Additionally, a district court has the "inherent [] authority to enforce its orders and ensure prompt disposition of legal actions." *State Exchange*, 693 F.2d at 1353.

[2] A dismissal with prejudice is "an extreme sanction . . . [to be] imposed *only* when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Betty K Agencies, Ltd. v. M/V MONDA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (citations omitted).

*Morrison v. Washington County*, 700 F.2d 678, 682 (11th Cir. 1983).  In her Amended Complaint (Doc. #5 at ¶¶ 1, 26, 34), Plaintiff repeatedly asserts that Defendant acted "under color of state authority," but fails to support this legal conclusion with proper allegations regarding factual matters.[3]  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).  Here, Plaintiff simply recites the component of a cause of action (*i.e.*, Defendant acted under the color of state law), failing to supply her Section 1983 claims with the plausibility necessary to withstand a Rule 12(b)(6) attack.  Because Plaintiff's Amended Complaint fails to adequately state a claim for violations of Section 1983, Plaintiff's claims under that section are due to be dismissed.

Accordingly, under the circumstances of this case, Defendant's Motion to Dismiss (Doc. #11) is due to be granted.  A separate order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this December 19, 2013.

                                              **R. DAVID PROCTOR**
                                              UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff does state that Defendant is "a state government entity," but this allegation amounts to little more than a "naked assertion."  Indeed, the assertion lacks any supporting factual context and is insufficient to meet the pleading standard established by Rule 8. *See Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 557 (2007).